MARTÍNEZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Aguadilla.

No. 117.—Decided June 11, 1912.

Decided on the grounds of the opinion of the court in case No. 5, *Martínez v. The Registrar of Property*, 4 P. R. R., 90.

MORTGAGE CREDIT—ADMINISTRATIVE PROCEEDINGS—DECLARATION OF VALIDITY.—
Administrative proceedings—that is, a simple petition addressed to the
registrar of property without notice to, or a hearing of, the interested parties—
is not the proper procedure to obtain a declaration of the validity of a mort-
gage credit which was canceled by reason of the merger of the character of
creditor and debtor in the same person at the same time.

The facts are stated in the opinion.

*Mr. Victor P. Martínez* for appellant.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public deed of May 28, 1897, Joaquín Moreno, who had
previously created in favor of Victor Martínez Martínez
a mortgage on a piece of property belonging to him, situated
in *barrio* Guatemala within the municipality of San Sebastián,
for the purpose of securing the payment of 4,630 *pesos* which
he owed him, increased said mortgage in the sum of 1,700.63
*pesos,* which he had subsequently received from said Martínez,
and 2,000 *pesos* more for expenses and costs in case of litiga-
tion. Said deed was recorded on August 12, 1897, in the
Registry of Property of Aguadilla, at folio 123, reverse side,
volume 7, of San Sebastián, estate 444, entry 4.

Subsequently to the above-mentioned mortgage, or on
March 30, 1898, a cautionary notice of suspension of entry of
mortgage, letter A, on the mortgaged estate and on two others
belonging to Joaquín Moreno was made in the same registry,
as decreed by the Court of First Instance of Mayagüez, to
secure the sum of 2,000 *pesos* with interest, and 800 *pesos*
additional for costs, in proceedings for the identification of
signature and preliminary attachment, in a suit brought by
María Moreno de Ramírez against Joaquín Moreno in said
court.

The cautionary notice of suspension was converted into a
final one through the new entry, letter B.

Some years later, by deed recorded in the Registry of
Property of Aguadilla, under date of February 4, 1900 (entry
5 of estate 444), the debtor, Joaquín Moreno, owner thereof,
assigned the property to his creditor, Victor Martínez, in

satisfaction of the mortgage credit he owed him, and in said record it was stated that the mortgage had been canceled by confusion of rights, the estate being affected only by entry letter B, Martínez acquiring by award in payment, while no condition whatever limited the powers of the vendee, according to the terms of the record.

By a marginal note to entry 5 recording the ownership in favor of Victor Martínez, the registrar, on April 7, 1903, stated that said 5th record had been canceled through award of the estate to María Moreno de Ramírez in the summary proceedings for the recovery of money which she had instituted against Joaquín Moreno, the formed owner thereof, and because the cancellation had been ordered by the District Court of Mayagüez in its decisions of May 1, 1902, and March 5, 1903.

On July 22, 1903, a record was made in the same registry of property (record 6 of estate 444) of the award of said estate to María Moreno de Ramírez by the District Court of Mayagüez through its order of November 12, 1901, in satisfaction of the debt due her by Joaquín Moreno.

The facts set forth have been alleged by Victor Martínez Martínez in a petition presented to the Registrar of Property of Aguadilla on March 11 of the current year, he having previously presented and withdrawn the same. Said petition reads as follows:

"I pray the registrar that he proceed to write out the proper memorandum at the margin of record 4 of aforesaid estate (the one described in the petition) noting the nonfulfilment of the precedent condition, inasmuch as the suspension of its effects has ceased, the said entry 4 remaining in force for the reasons set forth in the marginal note of April 7, 1902, attached to record 5, and for the other reasons contained in record 6, the effects whereof remained in suspense by virtue of entry letter A and record 5, in accordance with article 16 of the Mortgage Law and articles 143 and 178 of its regulations, as also the decision of the General Directorate of Registries of Property and Notarial Offices of Spain, dated June 28, 1881, and other provisions applicable or pertinent thereto."

The registrar denied the foregoing petition in a decision which reads as follows:

"The memorandum applied for in the preceding petition is denied: (1) Because no condition precedent upon whose fulfilment or non-fulfilment depends the efficacy of the increase of the mortgage which gave rise to record 4 appears from said record of the estate referred to, nor in any of the previous records thereof, the mortgage having probably been made under a condition subsequent; and as the entry of the preliminary attachment (letter A) in favor of María Moreno de Ramírez cannot be considered a condition precedent, as appears to be inferred from paragraph 3 of the petition, the marginal note referred to in article 16 of the Mortgage Law does not lie; (2) because the petition prescribed by article 178 of the Mortgage Regulations that should be signed by both parties is available when the marginal note mentioned in article 143 of the law is called for, in any of the cases mentioned in the first paragraph of article 142 of said law, under none of which comes the mortgage in question; (3) because the marginal note provided for under article 143 refers to the cancellation of notices in cases where the right secured by the notice has been recorded in favor of a third party; (4) because inasmuch as the decision of the Directorate of Registries, cited above, refers to contracts executed under a condition precedent, it is not applicable to the case for the reason stated in paragraph 1 of this memorandum. The present case not being included in the act providing for appeals against the decisions of registrars, a cautionary notice is not entered. Aguadilla, April 3, 1912. Rafael Tirado Verrier, Registrar."

The foregoing decision has been appealed from to this Supreme Court by Victor Martínez Martínez and is submitted to our consideration by virtue of this appeal.

The facts alleged by Martínez before the Registrar of Property of Aguadilla are borne out by the certificate forwarded by said registrar in compliance with the order of this court, and are the same that served as grounds for the complaint which Martínez himself brought nine years ago against the same registrar, requesting that the cancellation of the record of ownership in his favor of the estate in question be adjudged void, and that such record of ownership be declared

in force, which appeal was determined by decision of April 20, 1903, whereby Martínez was directed to assert his right before the proper court and in the manner prescribed by law. Then Martínez asked for a reconsideration of this decision, and again prayed that the cancellation be declared null and void, or in lieu thereof, it be ordered that the award of the estate to María Moreno be made in conformity with article 9 of the Mortgage Law—that is, with the encumbrance of the mortgage created by Joaquín Moreno in favor of Victor Martínez—which prayers the court denied in its decision of June 27, 1903, on the ground that the nullity of cancellations made by registrars of property cannot be decreed by administrative proceedings, but must be done by courts of justice in a proper declaratory action, and because this Supreme Court lacked jurisdiction to decide administratively upon the second point submitted by Victor Martínez. See *Martínez* v. *The Registrar of Property,* 4 P. R. R., 91.

It seems to us that what Martínez seeks in his petition to the Registrar of Aguadilla, though in a concealed manner, is that through the corresponding note at the margin of the record of his mortgage right over the estate in question a statement be made in the registry attesting the validity of said mortgage credit which, according to the 5th record of ownership of said estate in favor of Martínez was canceled by confusion of rights—that is, by merging in the same person the character of creditor and debtor. If this is what Martínez seeks his desire cannot be granted in administrative proceedings, or in a simple petition, as this, without notice to, and hearing, Joaquín Moreno and María Moreno de Ramírez, the former of whom assigned the estate to Martínez in payment of a mortgage debt, while the latter has the ownership of said estate recorded in her favor in the registry, the same not being affected nor encumbered by the already canceled mortgage of Martínez. The latter's petition cannot succeed for the same reasons this court had in view when, in its decision of June 27, 1903, it dismissed the com-

plaint brought by Víctor Martínez against the Registrar of Property of Aguadilla.

But in order to decide the present case, let us consider the wording of the petition of Martínez when asking that the proper marginal note of nonfulfilment of a condition precedent be affixed to the record of his mortgage right over the estate of Joaquín Moreno.

That mortgage right was not constituted under any condition whatever on whose fulfilment or nonfulfilment its existence depended, and, therefore, there is no reason for noting in the registry the nonfulfilment of any condition precedent. Said right was acquired in absolute terms and its subsequent cancellation was due to no condition inherent in the mortgage contract, but to subsequent causes the legal efficacy of which cannot be the subject of an administrative appeal.

The legal texts and decisions invoked in his petition by appellant are not pertinent to the case, as is shown by a mere perusal thereof.

For the reasons above set forth, without prejudice to the remedies which Víctor Martínez may resort to in the competent courts of justice, and in such adequate action as he may exercise against the proper parties, the decision appealed from on April 3, 1912, should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.